**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DAVID CURRIER et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 3:11-cv-00132-RCJ-VPC |
| vs. | ) | |
| | ) | |
| FIRST MAGNUS FINANCIAL CORP. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing nine causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Two motions to dismiss and a motion to remand are pending before the Court. For the reasons given herein, the Court denies the motion to remand and grants the motions to dismiss.

**I.     THE PROPERTY**

David D. and Debra L. Currier gave lender First Magnus Financial Corp. ("First Magnus") a $608,000 promissory note to purchase property at 420 Leventina Canyon Rd., Verdi, NV 89523 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Feb. 27, 2006, ECF No. 5-1). Western Title was the trustee. (*See id.* 2). Plaintiffs had defaulted in an unknown amount as of May 1, 2009. (*See* Notice of Default ("NOD"), Aug. 14, 2009, ECF No. 5-3). Mortgage Electronic Registration Systems ("MERS") later substituted Quality Loan Service Corp.

("QLS") as trustee. (*See* Substitution, Aug. 14, 2009, ECF No. 5-2).  QLS filed the NOD the same day it was substituted as trustee. (*See* NOD 3).  The foreclosure therefore appears to have been statutorily valid. *See* Nev. Rev. Stat. § 107.080(2)(c).  QLS noticed a trustee's sale for Feb. 11, 2011. (*See* Notice of Trustee's Sale ("NOS"), Jan. 14, 2011, ECF No. 5-4).

## II.   ANALYSIS

The foreclosure appears to have been proper.  The affirmative claims that do not fail directly for this reason fail for reasons given in substantively identical cases.

Plaintiffs have also filed a motion to remand for lack of subject matter jurisdiction. Plaintiffs bring no federal causes of action, but bring a state claim under NRS section 649.370, which is premised entirely upon violations of standards that give rise to an independent federal claim under 15 U.S.C. § 1692 *et seq.*  This claim supports federal jurisdiction for the following reasons.

First, there appears to be no private right of action under NRS section 649.370,[1] so the claim must be construed as a federal claim directly under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Second, even assuming a private state cause of action, although most federal-question cases are based on federal claims, federal-question jurisdiction can be based purely on a state claim if its resolution necessarily requires the construction of federal law:

> The rule is well settled that a state claim "arises under" federal law "if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question." *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n*, 656 F.2d 1364, 1365–66 (9th Cir. 1981), *cert. denied*, 455 U.S. 1020, 102 S. Ct. 1716, 72 L. Ed. 2d 138 (1982). The "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action[,]" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986), but

---

[1]Neither "damages," "cause of action," nor "attorney's fees" appear anywhere in Chapter 649.  The Chapter provides only for criminal penalties or administrative fines. *See* Nev. Rev. Stat. §§ 649.435, 649.440.

a case may also arise under federal law "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983)).

*Berg v. Leason*, 32 F.3d 422, 423 (9th Cir. 1994). In cases such as the present one, where the state claim directly incorporates the substance of federal law, *see* Nev. Rev Stat. § 649.370, and where the state claim raises no federal constitutional issues, federal-question jurisdiction exists only if the federal law that is incorporated into the state claim provides an independent federal claim:

> In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986), the Court considered in detail the principles of removal jurisdiction when applied to a well-pleaded complaint that relies on a state cause of action which incorporates federal law as one of the elements of recovery. The Court held that in such a case, the state claim does not involve a substantial federal question unless the federal law incorporated in the state cause of action provides a federal private right of action for its violation. *Id.* 106 S. Ct. at 3237; *see also Utley v. Varian Assoc., Inc.*, 811 F.2d 1279 (9th Cir.) (applying *Merrell Dow*), *cert. denied*, 484 U.S. 824, 108 S. Ct. 89, 98 L. Ed. 2d 50 (1987).

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 n.4 (9th Cir. 1988). The FDCPA provides a private right of action. *See* 15 U.S.C. § 1692k. If NRS section 649.370 contained additional substantive bases for liability apart from FDCPA, then such bases of liability could be invoked without creating federal-question jurisdiction. But section 649.370 refers exclusively and coextensively to FDCPA for its substance and provides no basis for liability apart from that provided for in FDCPA, under which a private, federal right of action lies. The Court therefore finds that even if a private cause of action lied under section 649.370, such a claim would support federal-question jurisdiction. *See Ethridge*, 861 F.2d at 1394 n.4.

Even if Plaintiffs were to amend to remove the section 649.370 claim, there is diversity jurisdiction. Plaintiffs are diverse from all parties except Western Title and Kristin Tyler. No claim lies against Western Title, because it is not alleged to have foreclosed, but only to have been the original trustee. Tyler is alleged only to have been an employee of one of Defendants.

1  The evidence shows she simply signed the NOD as an employee of QLS, which act was proper

2  in any case. (*See* NOD 3).  She is therefore also fraudulently joined.  The properly joined parties

3  are completely diverse from Plaintiffs.

## CONCLUSION

5  IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 12) is DENIED.

6  IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 5, 19) are

7  GRANTED.  Because the claims remain with Judge Teilborg, the Court makes no ruling on the

8  wrongful foreclosure claim or the injunctive and declaratory relief claims insofar as those claims

9  relate to the wrongful foreclosure claim. *See* Nev. Rev. Stat. § 107.080 (procedurally improper

10  foreclosure); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2 610, 623 (Nev. 1983)

11  (foreclosure absent default).

12  IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case

13  accordingly.

14  IT IS SO ORDERED.

15  Dated this 23rd day of August, 2011.

17  ROBERT C. JONES
United States District Judge