# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| DAVID CURRIER et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 3:11-cv-00132-RCJ-VPC |
| vs. | ) | |
| | ) | |
| FIRST MAGNUS FINANCIAL CORP. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

    This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing nine causes of action. The case is not part of Case No. 2:09-md-02119-JAT (the "MDL Case") in the District of Arizona. The Court denied a motion to remand and granted two motions to dismiss because default was not in dispute and the foreclosure was statutorily proper based upon the public records adduced. One Defendant moved for the Court to reconsider because the dismissal order contained a clerical error, i.e., it incorrectly stated that certain claims in the case remained with Judge Teilborg in the MDL Case. The Court granted the motion as a motion to correct clerical error under Rule 60(a).

    Plaintiff has now moved under Rule 60(b)(1) for the Court to amend the judgment. Plaintiff identifies no alleged mistake, inadvertence, surprise, or excusable neglect as to the dismissal but simply argues that the Court has jurisdiction to determine whether there was a statutorily defective foreclosure. The Court agrees, which is why it dismissed the claims on the

1  merits.  In fact, Plaintiff previously asked the Court to remand based on a lack of subject matter

2  jurisdiction, and the Court denied that motion in the dismissal order, making Plaintiff's present

3  argument all the more confusing.  Plaintiff appears to assume that because the original dismissal

4  order incorrectly stated that certain claims remained in the MDL Case, that the Court had not

5  addressed those claims in the order, and that the Court should not have dismissed them upon

6  correcting the clerical error without directly addressing those claims anew.  Plaintiff has not

7  closely read the dismissal order, which addresses all claims on the merits.  The clerical error that

8  the Court corrected was a superfluous statement in the conclusion paragraph that did not affect

9  the rest of the order.  The Court authored several very similar orders on that day, some of which

10  noted that certain claims remained in the MDL Case.  That language should have been removed

11  from the dismissal order in the present case, but it was inadvertently left in due to clerical error.

## CONCLUSION

13  IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 33) is DENIED.

14  IT IS SO ORDERED.

15  Dated this 12th day of October, 2011.

_____
ROBERT C. JONES
United States District Judge